# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CR-98-206-D |
| CARLOS HISHAW, | ) ) ) |
| Defendant. | ) |

## ORDER

Defendant, appearing *pro se*, has filed two motions [Doc. Nos. 668 and 707] in which he seeks a reduction in his sentence pursuant to 18 U. S. C. § 3582(c)(2). In his motions, Defendant relies on Amendments 706 and 750 to the United States Sentencing Guidelines. The Court granted Defendant's request for appointment of counsel to assist him in pursuing the motions, and appointed the United States Public Defender to represent Defendant in connection with the motions. At the request of the Court, supplemental status information has been filed, and the motion is now at issue.

Defendant was one of thirteen defendants charged in a multi-count indictment alleging violations involving possession with intent to distribute cocaine base and cocaine powder and conspiracy to distribute cocaine base and cocaine powder. He was named in 14 of the 87 counts asserting these charges, and he was also charged with being a felon in possession of a firearm. Following a trial, the jury returned guilty verdicts on all charges against this Defendant.

Defendant was sentenced to serve a term of 360 months on the drug offenses and an additional 120 months on the firearm offense, with all terms to run concurrently. *See* October 4, 1999 Judgment [Doc. No. 412]. The convictions and sentence were affirmed on appeal. *United States v. Wilson*, 244 F.3d 1208 (10th Cir. 2001).

Upon the filing of Defendant's initial motion seeking a reduction in his drug offense sentence pursuant to Amendment 706, the United States Probation Office reviewed the record and concluded that the quantity of cocaine base attributed to Defendant exceeded 4,500 grams, thus rendering him ineligible for a reduced sentence under Amendment 706. After Amendment 750 raised the threshold for § 3582(c)(2) relief to 8,400 grams of cocaine base, the Probation Office again reviewed Defendant's request, but concluded that he remains ineligible for relief because he was held accountable for over 10,000 grams of cocaine base. The reports prepared by the Probation Office are submitted as attachments A and B to the Advisement [Doc. No. 719] filed by appointed counsel for Defendant.

Having reviewed the record, the Court concludes that Defendant is ineligible for a reduction in sentence based on either Amendment 706 or Amendment 750 because the quantity of drugs attributed to him exceeds the amount that would render him eligible for a reduction under either amendment. Although Defendant's counsel suggests that the Fair Sentencing Act of 2010 could alter the calculation of the drug amount, counsel also recognizes that the Tenth Circuit Court of Appeals has held that the Fair Sentencing Act does not apply to defendants whose cases were final on the Act's effective date. *United States v. Hodge*, 721 F.3d 1279 (10th Cir. 2013).

For the foregoing reasons, Defendant's motions [Doc. Nos. 668 and 707] are DENIED.

IT IS SO ORDERED this 10th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE