# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CR-98-206-D |
| | ) |
| ALFRED JEROILD WILSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion [Doc. No. 684] for a modification and reduction of his sentence pursuant to 18 U. S. C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines affecting the base offense level assigned to quantities of cocaine base and the Sentencing Commission's determination that, effective March 3, 2008, the amendment will apply retroactively. At Defendant's request [Doc. No. 660], the Court appointed counsel to represent him in connection with this matter, and the motion [Doc. No. 684] was filed by appointed counsel. The government responded to the motion. Subsequently, Defendant, appearing *pro se*, filed another motion [Doc. No. 706] seeking a reduction in his sentence pursuant to § 3582(c)(2) and Amendment 706. Because Defendant continues to be represented by appointed counsel, his *pro se* motion [Doc. No. 706] is improperly filed. In any event, he asserts the same arguments as were presented on his behalf by his appointed counsel.

Both Defendant's motion and the Government's response detail the background regarding Defendant's trial, conviction, and sentence in this case. In summary, he was one of thirteen defendants named in an 87-count Indictment which charged Defendant with five counts of conspiracy to posses with intent to distribute and to distribute cocaine base. Defendant, along with two other defendants, proceeded to trial. The jury returned a verdict of guilty on three counts which

named Defendant.

Defendant's Presentence Investigation Report determined he should be held accountable for 19.4 kilograms of cocaine base, and the calculated sentencing range under the Sentencing Guidelines was determined to be from 262 to 327 months imprisonment, based on all factors, including his criminal history and the quantity of cocaine base. Defendant was sentenced to 262 months imprisonment, to be followed by a five-year term of supervised release. Judgment and Commitment Order [Doc. No. 387]. His conviction and sentence were affirmed on appeal. *United States v. Wilson*, 244 F.3d 1208 (10th Cir. 2001).

Consistent with the Court's practice regarding motions pursuant to § 3582(c)(2), the United States Probation Office was directed to prepare a Preliminary Report regarding Defendant's eligibility for a reduced sentence. Defendant's counsel submitted a copy of the report as an attachment to the motion. The report reflects that Defendant is not eligible for a reduced sentence because the quantity of crack cocaine involved in the offense was in excess of 4.5 kilograms. As noted above, Defendant was determined to be accountable for 19.4 kilograms, significantly more than the quantity which could render him eligible for a reduced sentence.

Although Defendant concedes that the amount of crack cocaine involved renders him ineligible, he argues that the Court has discretion to consider other factors and reduce his sentence. He discusses the background of the Sentencing Commission's decision to amend the guidelines applicable to crack cocaine, and suggests that failure to grant him relief would result in a continued unwarranted disparity in punishment for crimes involving cocaine base and powder cocaine. He suggests a reduction is warranted pursuant to the constitutional principles recognized in *United States v. Booker*, 543 U.S. 200 (2005), as the jury in his case was not asked to determine, and did

not determine, that he possessed a specific quantity of cocaine base.

As the government points out in its response opposing Defendant's motion, the Tenth Circuit has considered cases involving other defendants who were held accountable for more than 4.5 kilograms of cocaine base, and it has rejected the policy arguments asserted by Defendant. *See, e.g., United States v. Garrett*, 349 F. App'x 281 (10th Cir. 2009) (unpublished). In *Garrett*, the Circuit emphasized that it had previously held "*Booker* does not apply to sentence modification proceedings conducted under § 3582(c)(2)." *Garrett*, 349 F. App'x at 283 (citing *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied,* 558 U.S. 889 (2009)). The arguments raised by Defendant are foreclosed by the Circuit's decision in *Garrett.*

The Court has fully considered Defendant's arguments in light of the record in this case and the Tenth Circuit decisions considering similar contentions involving § 3582(c)(2). The record reflects that the quantity of cocaine base attributable to Defendant exceeds 4.5 kilograms, thereby rendering him ineligible for relief. Accordingly, his motion [Doc. Nos. 684 and 706) is DENIED.

IT IS SO ORDERED this 26th day of December, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE